UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IMTT-Bayonne LLC,<br><br>                    Plaintiff,<br><br>      -against-<br><br>BEERDY SHIPPING (Singapore) Pte. Ltd., *in personam*; M/V LIGURIAN SEA (IMO No. 9577032), her engines, tackle, equipment, furniture, appurtenances, etc., *in rem*; A.P. Moller Singapore Pte. Lte., *in personam*; and M/V POLAR ECUADOR (IMO No. 9786774), her engines, tackle, equipment, furniture, appurtenances, etc., *in rem*,<br><br>                    Defendants.<br><br>       ------------------<br><br>BEERDY SHIPPING (Singapore) Pte. Ltd.,<br><br>                Counterclaim Plaintiff<br>                Crossclaim Plaintiff,<br><br>      -against-<br><br>IMTT-Bayonne LLC,<br><br>                Counterclaim Defendant<br><br>and<br><br>A.P. Moller Singapore Pte. Lte., *in personam*; and M/V POLAR ECUADOR (IMO No. 9786774), her engines, tackle, equipment, furniture, appurtenance, etc., *in rem*,<br><br>                Crossclaim Defendants | Case No. 2:26-cv-02222<br><br>**PLAINTIFF IMTT-BAYONNE LLC's ANSWER AND AFFIRMATIVE DEFENSES TO BEERDY SHIPPING (SINGAPORE) PTE. LTD.'S COUNTERCLAIMS** |

**ANSWER TO BEERDY SHIPPING (SINGAPORE) PTE. LTD.'S
COUNTERCLAIMS**

Plaintiff IMTT-Bayonne LLC ("IMTT"), by and through its undersigned counsel, Blank Rome LLP, hereby answers and responds to the Counterclaims of BEERDY SHIPPING (Singapore) Pte. Ltd. ("Beerdy").

## PARTIES, JURISDICTION AND VENUE

1.      IMTT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1, and, thus, denies them.

2.      Admitted.

3.      The allegations in Paragraph 3 are conclusions of law to which no response is required.

4.      The allegations in Paragraph 4 are conclusions of law to which no response is required.

5.      Admitted.

## FACTUAL ALLEGATIONS

6.      Admitted.

7.      Paragraph 7 contains conclusions of law to which no response is required. To the extent a response is required, IMTT denies the allegations in Paragraph 7.

8.      Paragraph 8 contains conclusions of law to which no response is required. To the extent a response is required, IMTT denies the allegations in Paragraph 8.

9.      Paragraph 9 contains conclusions of law to which no response is required. To the extent a response is required, IMTT denies the allegations in Paragraph 9.

10.      Paragraph 10 contains conclusions of law to which no response is required. To the extent a response is required, IMTT denies the allegations in Paragraph 10.

11. Denied as stated. Paragraph 11 contains conclusions of law to which no response is required. To the extent a response is required, IMTT denies the allegations in Paragraph 11. IMTT also admits the M/V TENACITY VENTURE was moored to Pier A on or about December 15, 2021.

12. Paragraph 12 contains conclusions of law to which no response is required. To the extent a response is required, IMTT denies the allegations in Paragraph 12.

13. Paragraph 13 contains conclusions of law to which no response is required. To the extent a response is required, IMTT denies the allegations in Paragraph 13.

14. IMTT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14, and, thus, denies them.

15. IMTT denies the allegations in Paragraph 15.

16. IMTT denies the allegations in Paragraph 16.

17. Paragraph 17 contains conclusions of law to which no response is required. To the extent a response is required, IMTT denies the allegations in Paragraph 17.

18. IMTT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18, and, thus, denies them.

19. Paragraph 19 contains conclusions of law to which no response is required. To the extent a response is required, IMTT denies the allegations in Paragraph 19.

## COUNTERCLAIM COUNT I – NEGLIGENCE
### (General Maritime Law – Failure to Provide a Safe Berth and Warn against IMTT)

20. IMTT repeats and incorporates its answers to the preceding paragraphs as if fully set forth herein.

21. Paragraph 21 contains conclusions of law to which no response is required. To the extent a response is required, IMTT denies the allegations in Paragraph 21.

22.     Paragraph 22 contains conclusions of law to which no response is required. To the extent a response is required, IMTT denies the allegations in Paragraph 22.

23.     Paragraph 23 contains conclusions of law to which no response is required. To the extent a response is required, IMTT denies the allegations in Paragraph 23.

24.     Paragraph 24 contains conclusions of law to which no response is required. To the extent a response is required, IMTT denies the allegations in Paragraph 24.

25.     Paragraph 25 contains conclusions of law to which no response is required. To the extent a response is required, IMTT denies the allegations in Paragraph 25.

## COUNTERCLAIM COUNT II – CONTRIBUTION Against IMTT

26.     IMTT repeats and incorporates its answers to the preceding paragraphs as if fully set forth herein.

27.     Paragraph 27 contains conclusions of law to which no response is required. To the extent a response is required, IMTT denies the allegations in Paragraph 27.

28.     Paragraph 28 contains conclusions of law to which no response is required. To the extent a response is required, IMTT denies the allegations in Paragraph 28.

29.     Paragraph 29 contains conclusions of law to which no response is required. To the extent a response is required, IMTT denies the allegations in Paragraph 29.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

30.     Beerdy's Counterclaims fail to state a cause of action upon which relief can be granted.

4

## SECOND DEFENSE

31.     If it is determined that Beerdy sustained the damages in the fashion alleged, Beerdy's own negligence contributed, in whole or in part, to the alleged damages. Accordingly, IMTT pleads Beerdy's comparative or contributory negligence in diminution of any award Beerdy may ultimately receive.

## THIRD DEFENSE

32.     The damages of which Beerdy complains were not caused by the actions, failure to act, or breach of duty on the part of IMTT, but rather the actions of M/V POLAR ECUADOR and LIGURIAN SEA.

## FOURTH DEFENSE

33.     Upon information and belief, the damages that are the subject of Beerdy's Counterclaims, if any, were caused, in whole or in part, by intervening and/or superseding causes and/or acts or omissions of others from which IMTT is not responsible.

## FIFTH DEFENSE

34.     Beerdy's damages, if any, should be barred or reduced as caused by Beerdy's failure to take responsible action to avoid and/or mitigate damages.

## SIXTH DEFENSE

35.     IMTT reserves the right to amend this Answer and assert additional defenses as may be known through investigation and discovery.

WHEREFORE, IMTT demands judgment in its favor and against Beerdy and all co-defendants, together with interest, costs, attorney's fees and such other and further relief as may be just and proper

Respectfully submitted,

**BLANK ROME LLP**

**Dated:** June 18, 2026

By:   */s/ Holli B. Packer*
Holli B. Packer (No. 320312021)
Blank Rome LLP
One Logan Square
130 N. 18th Street
Philadelphia, Pennsylvania 19103
Email: holli.packer@blankrome.com

William R. Bennett, III (No. 032171992)
Blank Rome LLP
1271 Avenue of the Americas
New York, New York 10020
Tel.: (212) 885-5152
Fax: (917) 332-3858
Email: william.bennett@blankrome.com

*Counsel for Plaintiff and Counterclaim
Defendant IMTT-Bayonne LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this document with the Clerk of the Court using CM/ECF on June 18, 2026, which will automatically generate and serve Notices of Electronic Filing on all counsel of record.

*/s/ Holli B. Packer*
*Counsel for Plaintiff and Counterclaim*
*Defendant IMTT-Bayonne LLC*